PATRICK M. DUGGAN
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
150 M ST., NE
Washington, D.C. 20002
Phone: (202) 598-9569
Fax: (202) 514-8865
Email: Patrick.Duggan@usdoj.gov

SARAH M. BROWN
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice
150 M ST., NE
Washington, D.C. 20002
Phone: (202) 532-3144
Fax: (202) 514-8865
Email: Sarah.Brown2@usdoj.gov

JEFFREY K. STARNES
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. N., Suite 300
Great Falls, MT  59401
Phone: (406) 761-7715
Fax:  (406) 453-9973
Email:  jeff.starnes@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN EDWARD LEWTON,<br><br>Defendant. | CR 24- 109 -GF- BMM-JTJ<br><br>OFFER OF PROOF |
|---|---|

1

## PLEA AGREEMENT

The parties have entered into a plea agreement pursuant to Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure.* The defendant agrees to plead guilty to the Information, to be responsible for complete restitution to the victims, if any, and to a conditional waiver of appellate rights. Count One charges Lacey Act False Trafficking in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2).

In exchange for the defendant's guilty plea, the United States agrees not to prosecute the defendant for any additional offenses known to it as of the acceptance of the agreement based upon evidence in its possession, and that arise out of the conduct giving rise to this investigation; to make certain recommendations as to the calculation of the defendant's guideline sentence; and to recommend a sentence at the low-end of the applicable guideline range.

The plea agreement represents, in the government's view, the final and most favorable offer extended to the defendant in this case. *See Missouri v. Frye*, 566 U.S. 134, 145-46 (2012).

## PENALTIES

Lacey Act Trafficking, as charged in Count One, is a Class A misdemeanor and carries a maximum punishment of one year of imprisonment, a $100,000 fine or twice the gross gain or loss, one year of supervised release, and a $25 special assessment.

# ELEMENTS

To prove the defendant guilty of violating the Lacey Act in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2) as charged in Count One, the United States must prove the following elements beyond a reasonable doubt:

- <u>First</u>, the defendant himself, or through the actions of others, knowingly transported, received, acquired, or purchased wildlife;

- <u>Second</u>, the defendant did so in interstate commerce;

- <u>Third</u>, the wildlife was taken, possessed, transported, or sold in violation of, or in a manner unlawful under an underlying State law or regulation; and

- <u>Fourth</u>, the defendant in the exercise of due care should have known that the wildlife was taken, possessed, transported, or sold in violation of, or in a manner unlawful under an underlying State law or regulation.

# ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following beyond a reasonable doubt:[1]

On or about October 20, 2019, in the District of Montana, Defendant Lewton guided a client on a sheep hunt on public lands managed by the Bureau of Land Management in Montana. During the hunt, Lewton's client killed a trophy-sized

---

[1] The United States notes that the statement of evidence in this offer of proof does not reflect all evidence that the United States possesses against the defendant, but only a summary sufficient to ensure the defendant's guilty plea is provident. The United States reserves the right to present additional evidence against the defendant if this case were to proceed to trial.

wild Rocky Mountain bighorn sheep, after which Lewton harvested and kept the sheep's testicles. On or about October 21, 2019, Lewton sold the testicles from the recently killed wild Rocky Mountain bighorn sheep to Arthur "Jack" Schubarth for use on his alternative livestock ranch in Vaughn, Montana, and Lewton should have known the sale was a violation of Montana law. Lewton charged Schubarth $400.00 for the testicles. Schubarth thereafter extracted semen from the sheep parts and sold the semen to buyers in interstate commerce on or about November 5, 2019. Lewton had conducted similar transactions with Schubarth for wild Rocky Mountain bighorn sheep testicles on multiple occasions prior to the October 21, 2019, transaction.

## CONCLUSION

The United States would have presented the above evidence through the testimony of law enforcement, lay, and expert witnesses, and through the introduction of various exhibits.

/ /

/ /

/ /

/ /

/ /

DATED this 23rd day of December 2024.

| | |
|---|---|
| TODD KIM<br>Assistant Attorney General<br>Environment & Natural Resources Div.<br><br>By: _____<br>PATRICK M. DUGGAN<br>Senior Trial Attorney<br>SARAH M. BROWN<br>Trial Attorney<br>Environmental Crimes Section | JESSE A. LASLOVICH<br>United States Attorney<br>District of Montana<br><br>By: _____<br>JEFFREY K. STARNES<br>Assistant United States Attorney |